Haselton *v.* Pray.

## HASELTON *v.* PRAY.

If two cross actions be referred to an auditor, who finds in each a balance for the plaintiff, the court will not set off enough of the balance found for one party to extinguish that which has been established in favor of the other, nor require the auditor to do so.

ASSUMPSIT. On the 26th day of February, 1846, the defendant commenced an action against the plaintiff, and afterward filed a specification of the items for which he claimed to recover.

On the 28th of the same month the plaintiff commenced the present action upon an account annexed to the writ, and other general counts.

In the first named action Haselton pleaded the general issue, with a notice of a set-off, comprising the same items contained in the account annexed to his own writ, with the exception of an item of fifteen dollars, cash paid upon an order of Pray.

In the action of *Haselton* v. *Pray,* the present action, the defendant exhibited in a set-off an account containing

the same items which he had specified in his action against Haselton.

The two actions were referred to an auditor, who, in this one of *Haselton* v. *Pray*, found for the plaintiff the sum of fifteen dollars for the item that has been named, together with interest from the date of the writ, which was the only item upon which evidence was offered by the plaintiff.

All the other items contained in the account of the plaintiff having been exhibited in his set-off against the defendant's action, were there allowed by the auditor.

Pray moved the auditor to allow so much of his account against Haselton as would suffice to balance and satisfy the fifteen dollars and interest, found for the latter in the present action. But in making the motion he did not specify the items which he desired to have so allowed.

But the auditor having previously stated and allowed all of the account of Pray which was proved, in the action of *Pray* v. *Haselton*, declined to grant the motion.

The balance found for Pray in his action against Haselton was $33.15.

These facts having been submitted by the agreement of the parties, it was further agreed that judgment should be rendered in this action as the court might order.

*Emery*, for the defendant.

*Hatch*, for the plaintiff.

GILCHRIST, J. The plaintiff Haselton sued the defendant Pray for a large sum, but abandoned all but an item of fifteen dollars, which the auditor has reported for him. The remainder of his account he proved as a set-off in the action which Pray brought against him. No objection should be made to this course, and none is made.

On the other hand, Pray sued Haselton for a large sum

claimed by him upon an account consisting of many items, all of which, or as many of them as were due, he proved at the hearing before the auditor, and became entitled to a report for the balance over the set-off, amounting to $33.15.

Had he, instead of pursuing that course as to some of the items of his account, proved them in the action prosecuted by Haselton against him, he would have been entitled to have them allowed, and a balance would in consequence have resulted in his favor, for which judgment might have been rendered. It is not necessary to say that he might or that he might not, under the circumstances, have singled out such items, after the hearing of his own case before the auditor, and declining the allowance of them in that action, insisted upon them in the way of his set-off in Haselton's. But this he did not offer to do. His motion was for leave to file as such offset as much of the general balance found by the auditor in his favor in his action, as would suffice to produce a balance in his favor in Haselton's.

It is difficult to perceive upon what principle such a motion can be urged. If the balance which he sought so to use as a set-off, could, with any propriety, be called a liquidation of the mutual claims from which it resulted, it did not exist when the action was commenced, and was not and could not have been seasonably filed as a set-off. The auditor could not have so admitted it, neither can we. The court can set off judgments, but not accounts stated by auditors.

There must, therefore, be

*Judgment on the report.*